UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

---

DESIGN BASICS, LLC;
HOME BUILDERS NETWORK, LLC;
PLAN PROS, INC.; and
PRIME DESIGNS, INC.

                              Plaintiffs,                          Case No: 1:16-cv-7503

          v.

PHILLIPPE BUILDERS, INC.;                              <u>JURY DEMANDED</u>
PHILLIPPE HOME BUILDERS, INC.;
PHILLIPPE'S SIGNATURE HOMES, INC.;
PHILLIPPE CONSTRUCTION, INC.;
CORSAM PROPERTIES, LLC;
SOUTH BEND LAND HOLDINGS, INC.;
and DEWEY ROBERT PHILLIPPE,

                              Defendants.

---

***PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT***

---

NOW COME the Plaintiffs, Design Basics, LLC (hereinafter, "DB"), Home Builders Network, LLC ("HBN"), Plan Pros, Inc., (hereinafter, "PPI"), and Prime Designs, Inc. (hereinafter, "PDI")(collectively, "Plaintiffs") by their attorneys, Dana A. LeJune and Michael T. Hopkins, and as and for a cause of action against the Defendants, Phillippe Builders, Inc. ("P. Builders"), Phillippe Home Builders, Inc. ("P. Home"), Phillippe's Signature Homes, Inc. ("P. Signature"), Phillippe Construction, Inc. ("P. Construction"), Corsam Properties, LLC ("Corsam"), South Bend Land Holdings, Inc. ("South Bend"), and Dewey Robert Phillippe ("Phillippe") (collectively, "Defendants"), allege and show to the Court as follows:

**Jurisdiction and Venue**

1. The Court has subject matter jurisdiction in this action pursuant to 28 USC §1331 and §1338(a) as this case arises under the U.S. Copyright Act.

2. Venue is proper in this Court pursuant to 28 USC §1400(a) as the Defendants reside and/or maintain a principal place of business in this District.

**Parties**

3. Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska. Under Articles of Merger executed on July 1, 2009, Design Basics, LLC, is the successor by merger to Design Basics, Inc., and as such is the owner of all assets (including copyrights, trade and service names, trade and service marks, and all causes of action) that Design Basics, Inc., owned as of that date.

4. HBN is a Maryland limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Mount Airy, Maryland.

5. PDI is a Nebraska corporation engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska. PPI is a Nebraska corporation engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

6. The Defendant, P. Builders, is a for-profit Illinois corporation with a principal office in Steger, IL. Upon information and belief, P. Builders is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon

P. Builders by serving citation upon its Registered Agent, Charles T. Ryan, at 18141 Dixie Highway, Homewood, Illinois 60430.

7. The Defendant, P. Homes, is a for-profit Illinois corporation with a principal office in Steger, IL. Upon information and belief, P. Homes is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon P. Homes by serving citation upon its Registered Agent, Charles T. Ryan, at 18141 Dixie Highway, Homewood, Illinois 60430.

8. The Defendant, P. Signature, is a for-profit Illinois corporation with a principal office in Steger, IL. Upon information and belief, P. Signature is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon P. Signature by serving citation upon its Registered Agent, Charles T. Ryan, at 18141 Dixie Highway, Homewood, Illinois 60430.

9. The Defendant, P. Construction, is a for-profit Illinois corporation with a principal office in Steger, IL. Upon information and belief, P. Construction is in the business of marketing, development, construction and sales of residential houses. Service of citation may be had upon P. Construction by serving citation upon its Registered Agent, Anthony G. Catullo, at 18141 Dixie Highway, Homewood, Illinois 60430.

10. The Defendant, Corsam, is a for-profit Illinois limited liability company with a principal office in Steger, IL. Upon information and belief, Corsam is in the business of marketing, development, and sales of residential houses and/or neighborhoods and/o subdivisions. Service of citation may be had upon Corsam by serving citation upon its Registered Agent, Charles T. Ryan, at 18141 Dixie Highway, Homewood, Illinois 60430.

11. The Defendant, South Bend, is a for-profit Indiana corporation with a principal office in Steger, IL. Upon information and belief, South Bend is in the business of development, marketing, and sales of residential neighborhoods and/or subdivisions. Service of citation may be had upon South Bend by serving citation upon its Registered Agent, Duane Robert Phillippe, at 879 Joliet ST, #235, Dyer, Indiana, 46311, or 3500 Union Avenue, Steger, Illinois, 60475. Defendant Phillippe is an individual residing in Steger, IL, who is an owner, officer, director, manager and/or other principal of the entity Defendants and may be served with citation at 3500 Union Avenue, Steger, IL, 60475, or such other place as he may be found.

**Facts**

12. Since the early 1980's, DB has been a major publisher of home plan catalogs, in which its works, as well as those of other entities – including HBN, PPI and PDI – are marketed. Since the advent of the internet, DB, HBN, PPI, and PDI have marketed their works through publishing their designs on DB's website, www.designbasics.com, and through their marketing partners. Consequently, Plaintiffs' designs have become ubiquitous in the marketplace.

13. DB is sole the original author and owner of a large number of architectural works, including those entitled the "1868 Somerset," the "2312 Meredith," the "2408 Crawford," the "3577 Bennett," "4614 Deerfield," "88553 Hollister," "8554 Joliet," "8555 Ansley," and "42040 Sunflower."

14. DB and HBN are the joint authors and owners of a large number of architectural works, included those entitled the "8540 Cavanough," and the "8627 Scottsdale,"

15. PPI is the original author and owner of a large number of architectural works, including the one entitled the "29085 Massey."

16. PDI is the original author and owner of a large number of architectural works including those entitled the "29534 Burgess," "29535 Edwards," and the "29514 Jackson" (all of Plaintiffs' copyright-protected plans hereinafter will be collectively referred to as the "Copyright Protected Works").

17. **Exhibit 1** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "1868 Somerset."

18. **Exhibit 2** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2312 Meredith."

19. **Exhibit 3** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2408 Crawford."

20. **Exhibit 4** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "3577 Bennett."

21. **Exhibit 5** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "4614 Deerfield."

22. **Exhibit 6** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "88553 Hollister."

23. **Exhibit 7** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8554 Joliet."

24. **Exhibit 8** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8555 Ansley."

25. **Exhibit 9** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "42040 Sunflower."

26. **Exhibit 10** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's and HBN's "8540 Cavanough."

27. **Exhibit 11** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's and HBN's "8627 Scottsdale."

28. **Exhibit 12** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for PPI's "29085 Massey."

29. **Exhibit 13** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for PDI's "29534 Burgess."

30. **Exhibit 14** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for PDI's "29535 Edwards."

31. **Exhibit 15** attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for PDI's "29514 Jackson."

32. In the course of marketing their works on July 23, 2013, Plaintiffs saw several plan designs being advertised and marketed on Defendants' website, www.PhillippeBuilders.com, that were strikingly similar to the Copyrighted Works described in paragraphs 16 through 31 above. DB preserved Defendants' infringing works by making screen captures (**Exhibit 16**). The works discovered at that time were:

    Defendants' "Sommerset" – DB's 1868 Somerset;
    Defendants' "Meredith" – DB's 2312 Meredith;
    Defendants' "Crawford" – DB's 2408 Crawford;
    Defendants' "Sutton" – DB's 3577 Bennett;
    Defendants' "Belmont" – DB's 4614 Deerfield;
    Defendants' "Aspen" – DB's and HBN's 8540 Cavanaugh;
    Defendants' "Ridgemore A" - DB's 8553 Hollister;
    Defendants' "Ridgemore B" – DB's 8555 Ansley;
    Defendants' "Ridgemore C" - DB's 8554 Joliet;

Defendants' "Hickory" – DB's and HBN's 8627 Scottsdale;
Defendants' "Woodlawn" – DB's 42040 Sunflower;
Defendants' "Maywood" – PPI's 29085 Massey;
Defendants' "Oakville" (Elevation A) – PDI's 29534 Burgess;
Defendants' "Oakville" (Elevation B) – PDI's 29535 Edwards; and
Defendants' "Veranda" – PDI's 29514 Jackson.

33. Attached hereto as **Exhibit 17** are true and correct copies of elevations and floor plans for each of Plaintiffs' Copyright Protected Works at issue.

34. Additionally, one or more of the Defendants received at least seven (7) plan design catalogs from DB between February 25, 1997 and January 18, 2008, and one or more of the Defendants have licensed two (2) works[1] from DB (**Exhibit 18**). At all times material to this case, Defendants have had a reasonable opportunity to have viewed the Copyright Protected Works. Despite this, when Plaintiffs checked their records, they found that Plaintiffs had never licensed any of the fifteen (15) Copyright Protected Works set out in paragraphs 16 through 31 above, to any of the Defendants.

35. In addition to posting infringing copies of DB's Copyright Protected Works on Defendants' website(s) for purposes of advertising, marketing and/or promotion, on information and belief, one or more of the Defendants, had a financial interest in the infringing activities, and/or realized profit attributable to infringing activities, including but not limited to the construction of one or more three-dimensional infringing copies (houses) of these works.

---

[1] Defendants purchased a full construction license for DB's 3284 Pinnacle design and a promotional license for DB's 0992 Ridgefield design, evidencing the fact that Defendants knew a license was required both for the construction and the marketing/advertising/promotion of Plaintiffs' Copyright-Protected Works.

36. Each three-dimensional copy constructed by Defendants as alleged in paragraph 35, above, constitutes a derivative work infringing Plaintiffs' copyright-protected works in violation of 17 U.S.C. §§106(2) and 501.

37. Inasmuch as Phillippe is the current principal and/or manager of the entity Defendants, or otherwise had control of them, he had knowledge of their infringing activities, and/or had a financial interest in the infringing activities by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the entity Defendants' marketing, construction, and/or sales of said infringing houses.

38. The conduct of the entity Defendants described above, was performed and/or accomplished through the direction, control and conduct of Phillippe personally, as owner, officer, director and/or manager of the entity Defendant. Phillippe had the right and ability to supervise the infringing activities, including but not limited to preventing the entity Defendants from infringing Plaintiffs' works, and/or stopping the infringements once they began. Additionally, on information and belief, Phillippe received pecuniary benefit from the acts of infringement by the entity Defendants. Accordingly, Phillippe is personally liable to Plaintiffs as joint and/or contributory infringer, or is otherwise vicariously liable.

39. The illicit acts of the Defendants, described in paragraphs 32 through 38, above, were done without permission or license from Plaintiffs, and are in violation of Plaintiffs' exclusive copyrights in said works.

40. Upon information and belief, Defendants have infringed Plaintiffs' copyrights in other copyright protected architectural works, the scope and breadth of which infringing activities will be ascertained during the course of and through the discovery process.

**Causes of Action for Non-Willful Copyright Infringement**
**Count One**

41. Plaintiffs re-allege and incorporate paragraphs 1 through 40, above, as if fully set forth herein.

42. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 13 through 31, above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

**Count Two**

43. Plaintiffs' re-allege and incorporate paragraphs 1 through 40, above, as if fully set forth herein.

44. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 13 through 31, above, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

**Count Three**

45. Plaintiffs re-allege and incorporate paragraphs 1 through 40, above, as if fully set forth herein.

46. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 13 through 31, above, by creating derivatives of Plaintiff's works in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Four

47. Plaintiffs re-allege and incorporate paragraphs 1 through 40, above, as if fully set forth herein.

48. Defendants, without knowledge or intent, infringed on one or more of Plaintiffs' copyrighted works identified and described in paragraphs 13 through 31, above, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Alternative Causes of Action for Willful Copyright Infringement
### Count Five

49. Plaintiffs re-allege and incorporate paragraphs 1 through 40, above, as if fully set forth herein.

50. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 13 through 31, above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of Plaintiffs' works which are as yet undiscovered.

**Count Six**

51. Plaintiffs re-allege and incorporate paragraphs 1 through 40, above, as if fully set forth herein.

52. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 13 through 31, above, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

**Count Seven**

53. Plaintiffs re-allege and incorporate paragraphs 1 through 40, above, as if fully set forth herein.

54. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 13 through 31, above, by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

**Count Eight**

55. Plaintiffs re-allege and incorporate paragraphs 1 through 40, above, as if fully set forth herein.

56. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 13 through 31, above, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in

violation of 17 U.S.C. §106(3) and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Violations of DMCA § 1202
## Count Nine

57. Plaintiffs re-allege and incorporate paragraphs 1 through 56, above, as if fully set forth herein. Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

58. In creating the drawings identified above, one or more of said Defendants intentionally removed, obscured, and/or omitted Plaintiffs' copyright management information, or had them removed, obscured, and/or omitted from copies of Plaintiffs' works.

59. One or more of the Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been so altered without authorization.

60. At the time said Defendants altered Plaintiffs' copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed, obscured, and/or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate and/or conceal the infringement of Plaintiffs' copyrights.

61. Plaintiffs are entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

62. Pursuant to 17 U.S.C. §1203(b)(5), Plaintiffs are entitled to and seeks to recover their reasonable attorneys' fees.

**Prayer for Relief**

WHEREFORE, Plaintiffs demand that judgment be entered in their favor and against the Defendants jointly and severally, as follows:

A. For an accounting by Defendants of their activities in connection with their infringements of Plaintiffs' copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. For Plaintiffs' actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

D. In the alternative, at Plaintiffs' option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F. Plaintiffs' actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Plaintiffs' copyrights in any manner whatsoever,

including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiffs' plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiffs' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; *and*

J. For such other relief as the Court determines to be just and equitable.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY**

Date: July 22, 2016                                         **LEJUNE LAW FIRM**

By:    /S/ **Dana A. LeJune**
Dana A. LeJune
Texas Bar No.: 12188250
email: dlejune@triallawyers.net
6525 Washington Avenue
Suite 300
Houston, Texas 77007
Tel: 713.942.9898 Telephone
Fax: 713.942.9899 Facsimile

and

**IP-LITIGATION, U.S., LLC**

By: /S/Michael T. Hopkins
Michael T. Hopkins
SBN: 1014792
email: mth@ip-lit.us
757 N. Broadway, Suite 201
Milwaukee, WI  53202
Tel/Fax: 888-227-1655
*ATTORNEYS FOR PLAINTIFFS*